CANDICE L. FIELDS
Candice Fields Law
520 Capitol Mall, Suite 750
Sacramento, CA  95814
Telephone:   (916)414-8050
Facsimile:    (916)790-9450

Attorney for Defendant
Sabrina Toilolo

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:19-CR-0129-MCE |
|---|---|
| Plaintiff, | |
| v. | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER |
| JOHNATHAN WARD, and SABRINA RAYLENE TOILOLO, | |
| Defendants. | DATE: October 29, 2020<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

This case was previously set for a status conference on October 29, 2020.  The government and defendants' current counsel -- Mark Reichel for Johnathon Ward and Candice Fields for Sabrina Raylene Toilolo -- (the "parties") now seek to continue the status conference to October 29, 2020, and exclude time under the Speedy Trial Act and Local Code T4 for defense preparation.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C.

1

STIPULATION AND [PROPOSED] ORDER EXTENDING THE TERM OF PROBATION

§ 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on CURRENT DATE.
2. By this stipulation, defendants now move to continue the status conference to January 28, 2021, and exclude time between CURRENT DATE, and January 28, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].
3. The parties agree and stipulate, and request that the Court find the following:
    a) The government has represented that the discovery associated with this case includes over 110 GB of electronic documents including well over

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

3
STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT

11,500 of pages of police reports, search warrant returns, subpoena returns, cellphone extractions, photographs, and bank/financial records, as well as several hundred audio/video files. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b)    Counsel for Defendants Johnathon Ward and Sabrina Toilolo ("defendants") were recently appointed and desire additional time to review the current charges, review discovery, conduct research and investigation into the charges and alleged acts, consult with their clients, and otherwise prepare for trial.

    c)    At this time, the defendants have no objection to the Court's continuance of the status conference to January 28, 2021, and agree that such a continuance is necessary for effective preparation as outlined below.

    d)    Counsel for defendants believe that the Court's continuance will provide them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    e)    The government does not object to the continuance.

    f)    In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because defendants' counsel have relayed that they have been delayed in consulting with defendants due to the COVID-19 pandemic and visitation restrictions at the jail where the defendants are detained.

    g)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

    h)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 29, 2020, to January 28, 2021, inclusive, is deemed excludable pursuant

to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  October 26, 2020          McGREGOR W. SCOTT
                                  United States Attorney

                                  /s/ ROBERT J. ARTUZ
                                  ROBERT J. ARTUZ
                                  Special Assistant U.S. Attorney

Dated:  October 26, 2020          /s/ MARK REICHEL
                                  MARK REICHEL
                                  Counsel for Defendant
                                  JOHNATHON WARD

Dated:  October 26, 2020          /s/ CANDICE FIELDS
                                  CANDICE FIELDS
                                  Counsel for Defendant
                                  SABRINA RAYLENE TOILOLO

IT IS SO ORDERED.

Dated:  October 28, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT